# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Doral
Bank,

       **Plaintiff/Counter-defendant.**

              **v.**

JUAN J. NEGRON OCASIO, <u>et al.</u>,

       **Defendants/Counter-claimants.**

**CIVIL NO.  15-1888 (PAD)**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

On November 30, 2012, Doral Bank initiated this action against Juan N. Negrón-Ocasio, Mercedes L. García-Vital and the Negrón-García conjugal partnership in the Bayamon Part of the Puerto Rico Court of First Instance (Docket No. 2, Exh. 3).  Defendants subsequently brought a counterclaim against Doral. <u>Id.</u> at pp. 10-11.  On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

On July 2, 2015, the FDIC-R removed the action to this court under 12 U.S.C. § 1819(b)(2)(B) (Docket No. 2). Before the court is "The Federal Deposit Insurance Corporation's Motion Requesting Dismissal of the Defendants' Counterclaims" (Docket No. 18). The counter-claimants opposed (Docket No. 23); and the FDIC-R replied (Docket No. 26). For the reasons explained below, the FDIC-R's motion is GRANTED and the defendants' counterclaim is DISMISSED.

# I.  STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.  See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it.  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012).   The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1).  Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

# II.  DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act provides for exhaustion of a mandatory administrative claims process in case of claimants seeking payment from assets of a failed banking institution under FDIC receivership. 12 U.S.C. § 1821(d)(13)(D). The process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver.  Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011).

If any such claim is filed, the FDIC has 180 days to determine whether to approve or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i); Acosta-Ramírez v. Banco Popular de Puerto

Rico, 712 F.3d 14, 18 (1st Cir. 2013). Claimants have 60 days after the disallowance of the claim, or 180 days after the expiration of the administrative decision deadline, to seek judicial review or to continue a case in in court if the case has been stayed. Acosta-Ramirez, 712 F.3d at 19; see also 12 U.S.C § 1821 (d)(6) (establishing that claimant may file suit or continue an action commenced before the appointment of receiver).

The FDIC-R published notice to potential creditors and depositors of Doral in various local newspapers, informing that Doral had been closed, and any claim against the FDIC-R had to be filed with that institution not later than June 4, 2015 (Docket No. 18 at p. 2).  Negrón filed a proof of claim before the Claims Bar Date. Id.  On December 4, 2015, the FDIC-R disallowed the claim, informing claimant of the right to file a lawsuit on the claim or continue any lawsuit commenced before the appointment of the Receiver within 60 days of the date of notice.

The Negrón claimants did not take any action to continue or re-commence their pre-receivership claim before expiration of the 60-day period.  Instead, on February 16, 2016, they filed a "Motion About FDIC's Consent to Jurisdiction and/or Continue Lawsuit" (Docket No. 19). Although not clearly articulated, they seem to suggest that (i) their motion should be considered as a request to continue their claim against the FDIC-R; and (ii) it was not until December 17, 2015 that the notice of disallowance was received by their attorneys (albeit they admit "it was delivered directly to defendants [. . .] on December 11, 2015 at 3:53 p.m."). Id. at ¶ 7.  On that basis, they ask the court to consider their "notice to continue their claim" as timely made.

FDIC v. Negrón Ocasio, *et al.*
Civil No. 15-1888 (PAD)
Memorandum and Order
Page 4

Section 1821(d)(6)(A) states that the 60-day period begins to run on the date of notice of disallowance of claim, here December 7, 2015.[1]  From that date, the 60-day term expired on February 5, 2016.[2]  Claimants filed the motion thereafter, on February 16, 2016. Their unsupported proposition that the term should begin to run the date in which copy of the notice was handed to their attorney – even though they received copy of the notice before that date – is disingenuous. In fact, nothing in the statute suggests that the date an attorney, rather than the claimant, receives the notice, should be considered the triggering date.  Because of the late filing, "disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim."[3] See, 18 U.S.C. § 1821(d)(6)(B)(ii).

With that in mind, the court lacks subject-matter jurisdiction to entertain the claims against the FDIC-R.  See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995) (holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

### III.    CONCLUSION

In view of the foregoing, FDIC-R's motion is GRANTED, defendants' "Motion Requesting Order to Continue the Lawsuit and/or About FDIC's Consent to Jurisdiction" (Docket No. 19) is NOTED and DENIED. Judgment shall be entered accordingly.

---

[1] The date of the notice is excluded from the calculation of the 60-day period, pursuant to Fed.R.Civ.P. 6(a)(1)(A).  In the present case, the notice of disallowance is dated December 4, 2015. According to the U.S. Postal Service Office, however, it was mailed on December 7, 2015 (Docket No. 19 at ¶ 7). The court will consider December 7, 2015 as the date of notice.

[2] From December 4, 2015, the 60-day period expired on February 3, 2016. From the date it was mailed (December 7, 2015), the 60-day period expired on February 6, 2016. From the date they admit the notice was delivered to them (December 11, 2015), the 60-day period expired on February 10, 2016. Under any imaginable theory, their motion at Docket No. 19, filed on February 16, 2016, is untimely.

[3] FDIC-R is expressly warned that, in the future, the court expects it to submit copy of the U.S. Postal Service Certified Mail Receipt form with the appropriate date-stamp crediting when the notice was delivered. Any other motion to dismiss supported by an empty receipt will be dismissed without prejudice, without further consideration.

FDIC v. Negrón Ocasio, *et al.*
Civil No. 15-1888 (PAD)
Memorandum and Order
Page 5

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of July, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge